IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRIS BURGESS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-102 |
| SARGENT NINO, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Chris Burgess, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sargeant Nino, Kevin Smith, Bryan Williams, Officer Vadilier, and Amy Oliver.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

The plaintiff paid the filing fee, and he was issued summons for service of the defendants on June 1, 2020. In response, the plaintiff filed a motion for service by the United States Marshal. On January 4, 2021, that motion was denied, and the plaintiff was granted an additional thirty days in which to serve the defendants. On February 3, 2021, the plaintiff was granted leave to file an amended complaint, and he was granted a thirty-day extension in which to serve the defendants. On March 1, 2021, the plaintiff submitted an "Affidavit for Service of Summons," in which he alleged he attempted to serve the defendants by mail. Because the returns of service did not contain the signatures of any of the defendants, the plaintiff failed to properly serve the defendants. On July 26,

2021, the plaintiff was granted a 60-day extension of time to serve the defendants. The plaintiff again attempted to serve the defendants by mail, but the returns of service do not contain the signatures of the defendants.

Analysis

Pursuant to Federal Rule of Civil Procedure 4, the plaintiff is responsible for service of a summons and complaint within the time allowed by the rules. Federal Rule of Civil Procedure 4(e) states that individuals may be served either: (1) pursuant to the laws of the state in which the court is located or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process.

The plaintiff attempted to serve the defendants by certified mail, as permitted under the laws of the State of Texas. *See* TEX. R. CIV. P. 106(a)(2). When service is made by certified mail, the return of service must contain the addressee's signature. TEX. R. CIV. P. 107(c). In this case, the returns of service do not contain the signatures of the defendants. The absence of the defendants' signatures from the returns of service renders service invalid.

It has been more than 90 days since the complaint was filed, and the defendants have not been served. As a result, this case should be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The *pro se* status of the plaintiff does not excuse his failure to effect service. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (holding that simple inadvertence, and ignorance of the rules are generally insufficient to establish good cause); *Sys. Signs Supplies v. U.S. Dep't Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The plaintiff bears the burden of proving good cause for failing to serve the defendants within the time frame set out in Rule 4. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To prove good cause, the plaintiff must show excusable neglect for failing to serve the defendants. In addition, to receive an extension of time to serve the defendants, the plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id*.

The plaintiff has filed to serve the defendants within 90 days after the complaint was filed, or within the extended time limits granted by the court. Therefore, unless the plaintiff shows good cause for failing to effect service, this action should be dismissed without prejudice.

### Recommendation

This action should be dismissed without prejudice unless the plaintiff shows good cause within 14 days for failing to serve the defendants.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 4th day of October, 2021.

_____
Zack Hawthorn
United States Magistrate Judge